IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVENS TRUCKING CO., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:25-CV-01031 |
| J.B. HUNT TRANSPORT SERVICES, | § | |
| INC., | § | |
|     *Defendant*. | § | |
| | § | |

## DEFENDANT J.B. HUNT TRANSPORT SERVICES, INC.'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

Pursuant to Federal Rules of Civil Procedure 12(b)(2)–(6), Defendant J.B. Hunt Transport Services, Inc. ("Defendant") moves to dismiss all claims that Plaintiff Stevens Trucking Co. ("Plaintiff") asserts against it in the Original Complaint (Dkt. 1). In support thereof, Defendant respectfully shows as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................... ii

TABLE OF AUTHORITIES ............................................................. iii

INTRODUCTION ............................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ........................... 1

ARGUMENT ................................................................................... 4

I.    The Court lacks personal jurisdiction over Defendant because it has no contacts with Oklahoma. ........................................................ 4

    A.    Defendant has not purposefully directed any activities into Oklahoma. ............................................................ 6

        1.    The alleged contacts between Defendant and Oklahoma do not exist. ...................................................... 7

        2.    Defendant did not make any false advertisements that target Oklahoma. ................................................ 9

        3.    Plaintiff's own presence in Oklahoma does not establish personal jurisdiction over Defendant. ............................... 10

    B.    Plaintiff's injuries do not arise out of any Oklahoma-related activities. ........................................................... 13

II.    Venue in the Western District of Oklahoma is improper. ........................ 15

III.    Plaintiff failed to serve Defendant with sufficient process. ..................... 19

IV.    Plaintiff has not stated a claim on which relief may be granted. ........... 21

CONCLUSION ............................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................................... 21

*Aspen Corps., Inc. v. Gorman,*
   No. 18-CV-01325-CMA-SKC, 2019 WL 1281211 (D. Colo. Mar. 20, 2019) .. 18

*Bank of Com. & Tr. Co. v. BancCentral, N.A.,*
   No. CV 24-1201-KHV, 2025 WL 388657 (D. Kan. Feb. 4, 2025) ............. 16, 17

*Becknell v. OK Indus., Inc.,*
   No. CIV-13-193-FHS, 2014 WL 2881486 (E.D. Okla. June 25, 2014)............ 8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................................... 21

*Berneike v. CitiMortgage, Inc.,*
   708 F.3d 1141 (10th Cir. 2013)...................................................................... 21

*Briseno v. Mktg. & Mgmt. Sols., LLC,*
   No. 18-2482-EFM-JPO, 2020 WL 5203454 (D. Kan. Sept. 1, 2020) ............. 15

*Brown v. City of Tulsa,*
   124 F.4th 1251 (10th Cir. 2025)..................................................................... 21

*C5 Med. Werks, LLC v. CeramTec GMBH,*
   937 F.3d 1319 (10th Cir. 2019)...................................................................... 12

*Clarendon Nat'l Ins. Co. v. Glickauf,*
   No. 18-CV-02549-CMA-NYW, 2019 WL 13207307 (D. Colo. May 1, 2019) . 17

*Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua
   S.A.B. de C.V.,*
   970 F.3d 1269 (10th Cir. 2020)...................................................................... 14

*Cottman Transmission Sys., Inc. v. Martino,*
   36 F.3d 291 (3d Cir. 1994) ....................................................................... 17, 18

*D'Arcy v. Essential Servs. Intermediate Holding Corp.,*
   No. 6:22-CV-00144-EFM, 2023 WL 2291158 (E.D. Okla. Feb. 21, 2023)..... 13

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC,*
 946 F.3d 1223 (10th Cir. 2020) ............................................................... 12

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,*
 514 F.3d 1063 (10th Cir. 2008) ............................................................ 6, 14

*Eighteen Seventy, LP v. Jayson,*
 32 F.4th 956 (10th Cir. 2022) ........................................................ 6, 7, 12, 13

*El C Logan v. Okla. City Police Dep't,*
 No. CIV-22-1083-F, 2023 WL 2995905 (W.D. Okla. Apr. 18, 2023) ............. 20

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,*
 592 U.S. 351 (2021) ................................................................... 5, 6, 8, 13

*GFF Corp. v. Associated Wholesale Grocers, Inc.,*
 130 F.3d 1381 (10th Cir. 1997) ............................................................... 22

*Goff v. Hackett Stone Co.,*
 185 F.3d 874, 1999 WL 397409 (10th Cir. 1999) ............................................ 18

*Graff v. Kelly,*
 814 P.2d 489 (Okla. 1991) .................................................................... 20

*Hood v. Am. Auto Care, LLC,*
 21 F.4th 1216 (10th Cir. 2021) ............................................................... 14

*Klein v. Cornelius,*
 786 F.3d 1310 (10th Cir. 2015) ................................................................. 5

*Lay v. Bumpass,*
 No. 3:11-CV-1543, 2012 WL 3260425 (M.D. Pa. Aug. 8, 2012) ...................... 17

*Mallory v. Norfolk S. Ry. Co.,*
 600 U.S. 122 (2023) ............................................................................ 8

*Mut. Cas. Co. v. Bartile Roofs, Inc.,*
 618 F.3d 1153 (10th Cir. 2010) ............................................................... 16

*Pytlik v. Pro. Res., Ltd.,*
 887 F.2d 1371 (10th Cir. 1989) ................................................................. 5

*Rambo v. Am. S. Ins. Co.,*
 839 F.2d 1415 (10th Cir. 1988) ............................................................ 4, 10

*Rockwood Select Asset Fund XI (6)-1, LLC v. Devine Millimet & Branch*,
 750 F.3d 1178 (10th Cir. 2014)................................................................ 12

*Serv. Experts, LLC v. Otte*,
 609 F. Supp. 3d 1183 (D. Kan. 2022) ....................................................... 5

*Shrader v. Biddinger*,
 633 F.3d 1235 (10th Cir. 2011)............................................................. 9, 10

*Trierweiler v. Croxton & Trench Holding Corp.*,
 90 F.3d 1523 (10th Cir. 1996) ................................................................. 13

*Vestring v. Halla*,
 920 F. Supp. 2d 1189 (D. Kan. 2013) ....................................................... 5

*Whisman v. Robbins*,
 712 F. Supp. 632 (S.D. Ohio 1988) ......................................................... 20

*Woodke v. Dahm*,
 70 F.3d 983 (8th Cir.1995) ...................................................................... 18

*XMission, L.C. v. PureHealth Rsch.*,
 105 F.4th 1300 (10th Cir. 2024)............................................................... 14

**Statutes**

15 U.S.C. § 1125................................................................................... 2

28 U.S.C. § 1391.............................................................................. 18, 19

OKLA. STAT. tit. 12, § 2004 ................................................................... 22

OKLA. STAT. tit. 78, § 53 ......................................................................... 2

**Rules**

FED. R. CIV. P. 4 .................................................................................. 19

FED. R. CIV. P. 12 ......................................................................... i, 5, 21

## INTRODUCTION

Plaintiff's claims against Defendant are deeply flawed on the merits. Plaintiff has not stated a valid claim upon which relief may be granted, and Plaintiff has no evidence at all to support any claim against Defendant. But even more fundamentally than that, Plaintiff has failed to prove the threshold cornerstone necessary for this Court to even entertain the merits: jurisdiction.

Defendant is a holding company with no tangible assets and no operations. Its only assets are the stock of its subsidiaries. Accordingly, Defendant has no facilities in Oklahoma and does no business in Oklahoma. It is not registered to do business in Oklahoma and maintains no registered agent for service in the state. Plaintiff's contrary jurisdictional (as well as merits) allegations are demonstrably false.

Plaintiff has not established that personal jurisdiction exists over Defendant in Oklahoma, and Plaintiff has failed to even properly serve Defendant to require it to answer in Oklahoma. In addition, Oklahoma is a plainly improper venue to entertain Plaintiff's claims. Finally, Plaintiff's allegations against Defendant are facially implausible and Plaintiff has failed to state a cognizable claim against Defendant. Plaintiff's claims against Defendant should therefore be dismissed under Rule 12(b)(2), (3), (5), and (6).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Original Complaint on September 9, 2025, alleging false

advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), violations of the Oklahoma Deceptive Trade Practices Act, OKLA. STAT. tit. 78, § 53, and interference with prospective economic advantage under Oklahoma common law. *See* Dkt. 1, Compl. ¶¶ 315–71. The essence of each of these claims is the same—Plaintiff inaccurately claims that Defendant made false or misleading advertisements misrepresenting the nature of its business that caused a third party, Schneider Logistics, to award Ford Motor Company shipping lanes to Defendant—lanes that had previously been awarded to Plaintiff. *See generally id.* Plaintiff claims it suffered economic damages resulting from the loss of business.

In support of personal jurisdiction and venue, Plaintiff alleges that it had "contracted with Ford Motor Company (Ford)" to transport "loads between Texas and Michigan . . . routed through Oklahoma," that this contract was "vital" to Plaintiff's "operation," and that the contract "involved major commercial trucking lanes running hundreds of miles through the State of Oklahoma." *Id.* ¶¶ 5–7. Plaintiff broadly alleges that Defendant targeted the contractual relationship between Plaintiff and Ford/Schneider through allegedly false advertisements. *Id.* ¶ 8 & Section VI; *see also id.* ¶¶ 20–21.

To provide contacts between Defendant and the forum state, Plaintiff claims that Defendant "runs trucking and intermodal freight services that routinely cross into, out of, and across Oklahoma" and "regularly uses

Oklahoma highways," and that "Oklahoma is a key corridor for" Defendant. *Id.*
¶¶ 9–11. Plaintiff also asserts that Defendant has "dedicated operations and
facilities in Oklahoma," that Defendant has "truck drivers and support staff
who live and work in Oklahoma," and that Defendant engages in "recruiting,
training, and managing employees in Oklahoma." *Id.* ¶¶ 12–14. Further,
Plaintiff claims that Defendant "provides transportation and logistics services
to shippers and businesses located in Oklahoma" and "contract[s] with
Oklahoma companies." *Id.* ¶¶ 15–16. Plaintiff finally asserts that Defendant
"is registered to do business in Oklahoma" and thereby "subject[] . . . to service
of process in Oklahoma. *Id.* ¶¶ 17–18.

None of these allegations are true, as Defendant has shown in the
declaration of Kevin Bracy. [1] *See generally* Ex. 1, Decl. Defendant J.B. Hunt
Transport ***Services***, Inc. is a holding company with no tangible assets and no
operations. *Id.* ¶¶ 2–3. Its only assets are the stock of its subsidiaries. *Id.*
Accordingly, Defendant has no facilities in Oklahoma and does no business in
Oklahoma. *Id.* ¶ 4. It is not registered to do business in Oklahoma and

---

[1]  Plaintiff's allegation that Defendant "appeared as a defendant in the
Eastern District of Oklahoma (e.g., 6:13-cv-00193, order dated June 9,
2014), confirming that it sufficiently transacts business within the state to
be hauled into federal court in Oklahoma" is likewise demonstrably false.
Dkt. 1, Compl. ¶ 19. The entity sued in 6:13-cv-00193 was J.B. Hunt
Transport, Inc.—not Defendant J.B. Hunt Transport ***Services***, Inc. *See*
Dkt. 2, Compl., 6:13-cv-00193. Moreover, J.B. Hunt Transport, Inc. never
"appeared" in 6:13-cv-00193. Instead, the action was dismissed before J.B.
Hunt Transport, Inc. ever answered. *See* Dkt. 36, Compl., 6:13-cv-00193.

maintains no registered agent for service in Oklahoma. *Id.* ¶ 5.

Defendant is incorporated and headquartered in Arkansas. Ex. 1, Decl. ¶ 6. It is a separate entity from J.B. Hunt Transport, Inc. (who is not named in the above-captioned lawsuit). *Id.* ¶ 7. J.B. Hunt Transport, Inc. is registered to do business in Oklahoma and maintains a registered agent in that state. *Id.* ¶ 8. Plaintiff served this lawsuit on the registered agent of J.B. Hunt Transport, Inc., while purporting to serve Defendant J.B. Hunt Transport Services, Inc. *Id.* ¶ 9.

Because none of Plaintiff's jurisdictional or venue-supporting allegations against Defendant are true, and because service of process was defective, the Court should dismiss all claims asserted against Defendant. Furthermore, there is no factual support for the allegations and claims asserted in Plaintiff's Complaint that J.B. Hunt Transport Services, Inc. has done business with Schneider which allegedly caused damage to Plaintiff. As such, Plaintiff has failed to state a claim against Defendant and the Court should dismiss all claims against Defendant.

## ARGUMENT

### I.    The Court lacks personal jurisdiction over Defendant because it has no contacts with Oklahoma.

A federal court sitting in diversity determines whether personal jurisdiction exists over nonresident defendants under the law of the forum state. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988). To

4

survive a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of establishing personal jurisdiction over Defendant. *See Vestring v. Halla*, 920 F. Supp. 2d 1189, 1193 (D. Kan. 2013). That requires Plaintiff to show that the exercise of jurisdiction "(1) is legitimate under the state's long-arm statute, and (2) does not offend the Due Process Clause of the Fourteenth Amendment." *Serv. Experts, LLC v. Otte,* 609 F. Supp. 3d 1183, 1188 (D. Kan. 2022) (citing *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015)). "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).

There are "two types of personal jurisdiction: general and specific jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021).

> A state court may exercise general jurisdiction only when a defendant is "essentially at home" in the State. Specific jurisdiction covers defendants less intimately connected with a State, but only as to a narrower class of claims. To be subject to that kind of jurisdiction, the defendant must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." And the plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum.

*Id.* (citation omitted).

Plaintiff does not allege that Defendant is "at home" in Oklahoma, which is appropriate because there is plainly no basis for general jurisdiction. "[F]or

a corporation," general jurisdiction exists in a forum comprehending "its place of incorporation" or its "principal place of business." *Id.* at 359. Here, however, Defendant is incorporated in—and has its principal place of business in— Arkansas. Ex. 1, Decl. ¶ 6. And no allegation, let alone evidence, comes close to suggesting that it is "at home" in Oklahoma.

With general jurisdiction plainly lacking, Plaintiff invokes specific jurisdiction—arguing that "[t]his Court has personal jurisdiction over Defendant JB Hunt because it conducts business in Oklahoma, directed and committed tortious acts and omissions specifically targeting an Oklahoma party, and caused foreseeable harm in Oklahoma." Dkt. 1, Compl. ¶ 21. "[T]he Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' [a] defendant's forum-related activities." *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 966 (10th Cir. 2022) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)). As explained below, Defendant did not purposefully direct any activities at Oklahoma, and even those activities that Defendant is falsely alleged to have directed at the forum do not give rise to Plaintiff's injuries.

## A.    Defendant has not purposefully directed any activities into Oklahoma.

"Stated concisely, because [Plaintiff] assert[s] a purposeful direction

theory of personal jurisdiction, the operative standard calls for an inquiry into whether [Plaintiff] [has] shown that [Defendant's] acts were (1) intentional, (2) expressly aimed at [Oklahoma], and (3) done with knowledge that the brunt of the injury would be felt in [Oklahoma]." *Jayson*, 32 F.4th at 959 (internal quotations and citations omitted). But here, Defendant has no contacts with Oklahoma—certainly none that constitute purposeful availment.

### 1.    *The alleged contacts between Defendant and Oklahoma do not exist.*

Although Plaintiff alleges several connections between "JB Hunt" and the forum state, Defendant has no such contacts. Defendant is a holding company with no tangible assets or operations. Ex. 1, Decl. ¶¶ 2–3. Accordingly, it neither "runs . . . freight services that routinely cross into, out of, and across Oklahoma" nor "uses Oklahoma highways to transport goods," much less "maintains continuous, systematic, and intentional contact with the state" as a "key corridor." Dkt. 1, Compl. ¶¶ 9–11. Defendant maintains no "operations" or "facilities" in Oklahoma and "operates" no "drop yards, maintenance facilities" or "driver operations centers" because it has no operations anywhere. *Compare id.* ¶ 12, *with* Ex. 1, Decl. ¶¶ 2–3.

For the same reasons, Defendant has no employees in Oklahoma. *Compare* Dkt. 1, Complaint ¶¶ 13–14, *with* Ex. 1, Decl. ¶ 4. It does not "provide[] transportation and logistics services to shippers and businesses located in Oklahoma" or otherwise "contract[] with Oklahoma companies."

*Contra* Dkt. 1, Compl. ¶¶15–16. Defendant, moreover, does not operate any shipping lanes for Ford, for the simple reason that it has no operations or tangible assets. *Compare id.* ¶¶ 295–313, *with* Ex. 1, Decl. ¶¶ 2–3. Defendant is not registered to do business in Oklahoma, and the registered agent where Plaintiff tried to serve Defendant is the registered agent for J.B. Hunt Transport, Inc., not for Defendant. *Compare* Dkt. 1, Compl. ¶¶ 17–18, *with* Ex. 1, Decl. ¶ 5.

Defendant was not even a defendant in the previous Oklahoma case cited by Plaintiff. Dkt. 1, Compl. ¶ 19. Only J.B. Hunt Transport, Inc.—not Defendant J.B. Hunt Transport ***Services***, Inc.—was a defendant in that matter. *Becknell v. OK Indus., Inc.*, No. CIV-13-193-FHS, 2014 WL 2881486, at *1 (E.D. Okla. June 25, 2014).[2] In any event, having been a party to previous Oklahoma cases would not imply that a party is subject to personal jurisdiction in Oklahoma in this case. For one, ***specific*** jurisdiction is evaluated on the ***specific*** claims of each case. *See Ford Motor*, 592 U.S. at 352 ("[P]laintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum."). Moreover, personal jurisdiction can be established by consent or forfeiture of objection, even over a defendant with no forum contacts. *Mallory v. Norfolk S.*

---

[2]  In making these arguments, Defendant neither suggests nor concedes that personal jurisdiction or venue could properly be maintained over J.B. Hunt Transport, Inc. here. Nor does Defendant agree that J.B. Hunt Transport, Inc. was properly served with process. J.B. Hunt Transport, Inc. is simply not a party to this suit.

*Ry. Co.*, 600 U.S. 122, 144 (2023). In other words, that jurisdiction existed in one case does not automatically subject a party to jurisdiction in the next.

> **2.** ***Defendant did not make any false advertisements that target Oklahoma.***

As for the advertisements that Plaintiff alleges caused its harms, they either were not made by Defendant, did not target the forum, or both. First, Plaintiff relies on statements made via the web domain jbhunt.com. Throughout the domain, including the pages that Plaintiff cites, this website bears the notice: "This site and all content is © 2025 J.B. Hunt Transport, Inc."—which is ***not*** Defendant. *See, e.g.*, Dkt. 1, Compl. ¶ 242 n.2 (citing a blog page bearing the notice). Defendant does not own or operate this website or any other part of the web presence that Plaintiff relies on. Defendant has no operations and no assets other than stock in subsidiaries. Ex. 1, Decl. ¶¶ 2–3.

Without more, statements made to the entire world on a website do not constitute targeting of a particular forum in any event. That one can access the advertisements from Oklahoma is not enough. Statements made available on the internet "could create personal jurisdiction" only with some "indication[] that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). Merely "posting . . . comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting

could be read (and the subject of the posting may reside)." *Id.*

Indeed, even much more targeted forms of telecommunication are routinely held not to amount to purposeful availment. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418-19 (10th Cir. 1988) ("[O]rdinarily use of the mails, telephone, or other international communications simply do not qualify as purposeful activity." (quotation omitted)). Nothing in Plaintiff's allegations concerning internet statements indicates any attempt to channel those statements particularly into Oklahoma, much less an intent to cause harm "primarily or particularly" in the state. Dkt. 1, Compl. ¶¶ 230–36.

In addition to internet advertisements, Plaintiff relies on a lecture by J.B. Hunt's President and CEO. *Id.* ¶ 246. But that lecture did not target Oklahoma either. Plaintiff does not allege where the lecture was made but does note that it was the 42nd Annual Patterson Lecture—part of a lecture series put on by the Northwestern University Transportation Center in Illinois.[3] There is no allegation that she mentioned Oklahoma or Plaintiff, no allegation that her remarks were directed particularly to Plaintiff or any other resident of Oklahoma. *Id.*

### 3. *Plaintiff's own presence in Oklahoma does not establish personal jurisdiction over Defendant.*

To demonstrate purposeful availment, Plaintiff also relies heavily on its

---

[3] *Available at* https://transportation.northwestern.edu/news-events/patterson-lecture/.

own presence in Oklahoma, coupled with allegations that Defendant targeted Plaintiff. But this effort fails for three reasons.

First, as discussed, Defendant did not engage in the conduct that Plaintiff claims targeted it. Defendant is a holding company with no operations. It did not—and could not—take over any Ford shipping routes. Ex. 1, Decl. ¶¶ 2–3.

Second, the allegations of targeting conduct are conclusory and lack a single supporting factual allegation. The alleged facts that *are* pleaded belie the broad claim of forum targeting. On the one hand, Plaintiff broadly alleges that Defendant "directed and committed tortious acts and omissions specifically targeting an Oklahoma party." Dkt. 1, Compl. ¶ 21. On the other hand, where more detailed allegations are provided, Plaintiff alleges that Defendant designed its advertisements to achieve broad goals, rather than target the relationship between Schneider and Stevens. *See id.* ¶ 227 (alleging that an advertisement "targeted" "[s]ophisticated Fortune 500 companies"), ¶ 238 (alleging that "an advertisement . . . target[ed] large customers with consistent over the road lanes"), ¶ 345 ("JB Hunt intentionally made the unlawful representations with the specific aim of undercutting its competitors, *such as* Stevens Trucking." (emphasis added)). The Court should not credit these broad conclusory allegations, and the more-particular allegations do not come close to showing that Defendant targeted Oklahoma or Plaintiff

11

specifically.

Third, even assuming Defendant had targeted Plaintiff with tortious acts (and it did not), the controlling law holds that targeting a plaintiff is not tantamount to targeting a forum, even when the plaintiff is domiciled in or otherwise closely connected with the forum. "In determining whether a defendant expressly aimed his conduct at the forum state, a plaintiff's contacts with the defendant and forum' cannot 'drive the jurisdictional analysis. Rather, the forum state must be the 'focal point' of the defendant's tortious conduct." *Jayson*, 32 F.4th 956, 968–69 (internal quotations and citation omitted). "[T]he express aiming analysis" is "centered . . . on whether the defendant's allegedly tortious conduct was focused on or directed at the forum state—not . . . on whether the defendant's wrongful conduct was focused on or directed at the interests of plaintiffs who reside in or otherwise have significant connections to the forum state." *Id.* at 972.

Restated, "[a] defendant's interaction with a plaintiff—even when allegedly tortious—is insufficient to establish personal jurisdiction." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1231 (10th Cir. 2020). "[M]erely interacting with a plaintiff 'known to bear a strong connection to the forum state' is not enough to establish jurisdiction." *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1324 (10th Cir. 2019) (quoting *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine Millimet & Branch*, 750 F.3d 1178,

1180 (10th Cir. 2014)); *see also Jayson*, 32 F.4th at 970 ("[K]nowledge of a plaintiff's connection to a forum state, without more, cannot establish express aiming towards the forum state."). By a similar token, "the mere foreseeability of causing injury in another state is not a sufficient benchmark for exercising personal jurisdiction." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (quotation omitted). Plaintiff repeatedly tries to support personal jurisdiction by claiming that it resides and operates in Oklahoma and was injured there. But such allegations—even if true—cannot support jurisdiction under controlling law.

*     *     *

In sum, none of Plaintiff's alleged forum contacts exist. Defendant engaged in little to none of the conduct attributed to it, and nothing it may have done targeted Oklahoma. The conclusion that Defendant purposefully availed itself of the Oklahoma forum wholly lacks support.

## B.    Plaintiff's injuries do not arise out of any Oklahoma-related activities.

Plaintiff must also show that its claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor*, 592 U.S. at 352 (citation omitted). Except in limited circumstances not at issue, there must be a causal connection between the forum contacts and the injury about which a plaintiff complains. *D'Arcy v. Essential Servs. Intermediate Holding Corp.*, No. 6:22-CV-00144-EFM, 2023 WL 2291158, at *5–6 (E.D. Okla. Feb. 21, 2023) ("Notably,

13

the limited scenario endorsed by the Tenth Circuit for when the phrase 'relates to' suffices to establish personal jurisdiction is entirely dissimilar to the facts of the present case. . . . Thus, the test is one of causation . . . ."); *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1224 (10th Cir. 2021) (articulating a narrow species of jurisdiction when "(1) the defendant has purposefully directed activity to market a product or service at residents of the forum State and (2) the plaintiff's claim arises from essentially the same type of activity, even if the activity that gave rise to the claim was not directed at forum residents."). Plaintiff fails this test and could not meet it even if its jurisdictional allegations were true.

No single causation test exists in the Tenth Circuit, as the court of appeals has declined to choose between "but-for" causation and "proximate causation" on several occasions. *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1312–13 (10th Cir. 2024); *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1285 (10th Cir. 2020). At a minimum, however, contacts must be a but-for cause of the injury— that is, an "event in the causal chain leading to the plaintiff's injury" must be "sufficiently related to the claim to support the exercise of specific jurisdiction." *XMission*, 105 F.4th at 1314 (quoting *Dudnikov*, 514 F.3d at 1078).

Plaintiff relies on numerous supposed forum contacts that are not causally connected to its claims. The Complaint is replete with allegations that

14

Defendant carries and brokers freight, operates facilities, employs and recruits, and contracts with local business in Oklahoma. Dkt. 1, Compl. ¶¶ 9–18. Defendant did none of this. But even if it had, none of that alleged activity would have caused the injuries Plaintiff alleges. Instead, the essence of Plaintiff's claims is that advertisements injured it—advertisements made outside of Oklahoma and that in no way targeted the state. Thus, all the additional allegations of activity in Oklahoma could never provide a basis for personal jurisdiction, even if they were true. *See Briseno v. Mktg. & Mgmt. Sols., LLC*, No. 18-2482-EFM-JPO, 2020 WL 5203454, at *5 (D. Kan. Sept. 1, 2020) (expressly "[a]ffording the [plaintiffs] the benefit of the less-restrictive but-for causation test," yet discounting as irrelevant forum contacts that were not but-for causes of an injury).

## II.    Venue in the Western District of Oklahoma is improper.

Venue is only proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). "[I]f there is no district in which an action may otherwise be brought as provided in this section," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.*

15

§ 1391(b)(3).

As a holding company incorporated and with a principal place of business in Arkansas, Defendant resides in and is subject to general jurisdiction in Arkansas. So, venue cannot be maintained in Oklahoma under Sections 1391(b)(1) or (3). *See Bank of Com. & Tr. Co. v. BancCentral, N.A.*, No. CV 24-1201-KHV, 2025 WL 388657, at *6 (D. Kan. Feb. 4, 2025) ("Because defendant is not subject to the personal jurisdiction of this Court, the only possible ground for venue is Section 1391(b)(2).").

In apparent recognition of this reality, Plaintiff improperly asserts that "[v]enue is proper in the Western District of Oklahoma under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions occurred in this judicial district." Dkt. 1, Compl. ¶ 4. But as explained below, this manufactured ground for venue fails.

Courts "conduct a two-part analysis when reviewing challenges to venue under § 1391(a)(2) [now (b)(2)]." *Emp's. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).

> First, [they] examine the nature of the plaintiff's claims and the acts or omissions underlying those claims. . . . Second, [they] determine whether substantial events material to those claims occurred in the forum district. The substantiality requirement is satisfied upon a showing of acts and omissions that have a close nexus to the alleged claims.

*Id.* (internal quotations and citations omitted). Where, as here, the alleged acts underlying the claims are "false or misleading representation[s]," the

16

representations themselves are the "substantial and material events" whose location determines transactional venue. *Bank of Com. & Tr.*, 2025 WL 388657, at *6.

Venue is improper here because none of the alleged misrepresentations were made in Oklahoma and no other substantial events are material to Plaintiff's claims. *Cf. id.* ("In this action, the substantial and material events would include defendant's representation that it would provide the lien release to plaintiff and its failure to do so. Both occurred in Oklahoma. On these facts, the Court cannot conclude that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in Kansas. Accordingly, under Section 1391, venue in this district is improper."); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) ("[T]he focus of our venue inquiry in a Lanham Act trademark infringement case is the location where the unauthorized passing off takes place.").

Allegations that Plaintiff suffered injury in Oklahoma do not change this result. "When tortious conduct occurs in one district, the fact that harms are felt in another district is not enough to establish venue in the second jurisdiction." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-CV-02549-CMA-NYW, 2019 WL 13207307, at *8 (D. Colo. May 1, 2019) (quoting *Lay v. Bumpass*, No. 3:11-CV-1543, 2012 WL 3260425, at *3 (M.D. Pa. Aug. 8, 2012)), *aff'd*, No. 18-CV-02549-CMA-NYW, 2019 WL 7168657 (D. Colo. Dec. 23, 2019);

*see also Cottman*, 36 F.3d at 295 (where the "failure to return various materials and failure to remit payments . . . actually occurred in Michigan, not in Pennsylvania" such omissions did not support venue in Pennsylvania "[e]ven though the result was . . . non-receipt of those items in Pennsylvania"). "[W]here a plaintiff suffered the alleged harm may be a relevant factor when other events giving rise to the claim took place in the same district, the suffering of economic harm within a district is not sufficient without more to warrant transactional venue in that district." *Aspen Corps., Inc. v. Gorman*, No. 18-CV-01325-CMA-SKC, 2019 WL 1281211, at *6 (D. Colo. Mar. 20, 2019) (quotations and citations omitted).

As with specific jurisdiction, the transactional venue analysis "focus[es] on relevant activities of the defendant, not of the plaintiff." *Goff v. Hackett Stone Co.*, 185 F.3d 874, 1999 WL 397409, at *1 (10th Cir. 1999) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995)); *see also id.* ("[V]enue statutes are generally designed for the benefit of defendants."). "[B]y referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Woodke*, 70 F.3d at 985. The inquiry focusses on alleged wrongful acts of a defendant giving rise to the claims. *See id.* at 985–86 (declining to give weight to the location of manufacture because "manufacturing the trailers was a necessary event, in a causal sense, to an attempt to pass them off, but" is not

"an event giving rise to [the] claim because it was not itself wrongful").

As the above demonstrates, venue is not proper in Oklahoma. The Court should dismiss this case for improper venue or, alternatively, transfer it to the Western District of Arkansas, where the sole Defendant resides.

## III. Plaintiff failed to serve Defendant with sufficient process.

One must serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," FED. R. CIV. P. 4(e)(1), *see also* FED. R. CIV. P. 4(h)(1)(A) (referring to Rule 4(e)(1)), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent ***authorized by appointment or by law to receive service of process***," FED. R. CIV. P. 4(h)(1)(B) (emphasis added). Oklahoma law allows service via agent "upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the petition to an officer, a managing or general agent or to any other agent ***authorized by appointment or by law to receive service of process***." OKLA. STAT. tit. 12, § 2004 (emphasis added). When serving process in the federal courts of Oklahoma via a designated agent, as Plaintiff tried to do here, a plaintiff must show the agent was "authorized by appointment or by law to receive service" whether proceeding under the federal rule or Oklahoma law.

*Id.* Because the agent that Plaintiff served is not authorized to receive process for Defendant, service was defective.

Defendant has not authorized or registered any agent to receive service of process in Oklahoma. Yet the summons issued in this case is improperly directed to Defendant's "Registered Agent: Corporation Service Company" at an Oklahoma address. Dkt. 4, Summons. No such registered agent exists for Defendant in Oklahoma. The agent that Plaintiff served is registered to receive process served on J.B. Hunt Transport, Inc.— ***not*** Defendant J.B. Hunt Transport Services, Inc.

Service made on an agent of an affiliate is insufficient. An agent must be specifically authorized for service purposes. "In the absence of actual appointment, service of process is ineffective." *Graff v. Kelly*, 814 P.2d 489, 494 (Okla. 1991) (quoting *Whisman v. Robbins*, 712 F. Supp. 632, 636 (S.D. Ohio 1988)). Neither a general agent authorized to act for other purposes, nor an agent of an affiliate with no direct relationship to the defendant, will suffice. "Authorization by appointment requires an agent to be expressly appointed to receive service of process; a general agency relationship is not sufficient." *El C Logan v. Okla. City Police Dep't*, No. CIV-22-1083-F, 2023 WL 2995905, at *3 (W.D. Okla. Apr. 18, 2023); *see also Graff*, 814 P.2d at 494 ("General agency is not sufficient.").

Service was improper here because Plaintiff failed to serve Defendant in

accordance with the Federal Rules of Civil procedure or Oklahoma law. And the summons was insufficient because it was directed to a non-existent registered agent for Defendant. The Court should thus dismiss this lawsuit or, alternatively, quash the defective and ineffective service of process.

## IV.    Plaintiff has not stated a claim on which relief may be granted.

Finally, Plaintiff's claims should also be dismissed under 12(b)(6). "To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1144 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that ***the defendant*** is liable for the misconduct alleged." *Id.* at 1144–45 (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff's three claims all depend on its allegation that Defendant took the shipping lanes that Plaintiff previously worked for Ford. But Plaintiff has not plausibly alleged that Defendant operates any shipping lanes.

On a motion to dismiss under Rule 12(b)(6), this Court may consider "documents referenced in the complaint that are central to the plaintiff's claims." *Brown v. City of Tulsa*, 124 F.4th 1251, 1264 (10th Cir. 2025). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the

21

plaintiff relied." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). Here, the Complaint references the contract between "JB Hunt" and Schneider, and it is "central" because Plaintiff's theories all depend on the allegation that it was injured when the contract for Ford shipping lanes was awarded to "JB Hunt" rather than to Plaintiff. Dkt. 1, Compl. ¶ 295–298. Consideration of the documents constituting the contract between Schneider and J.B. Hunt Transport, Inc. is therefore appropriate—as well as necessary to avoid allowing Plaintiff's "deficient claims" to benefit from failing to attach the relevant documents itself.

Although Plaintiff alleges that Schneider awarded "JB Hunt" the Ford lanes in "the contract" between Schneider and "JB Hunt" (*id.* ¶¶ 296–298), Defendant is not a party to any contract with Schneider. Plaintiff is referencing a contract between Schneider and J.B. Hunt Transport, Inc. to which Defendant is not a party. *See* Ex. 2, Master Transp. Servs. Agrmt. at 1; Ex. 3, Brokerage Addendum to Transp. Servs. Agrmt. at 1.[4] Thus, no inference may be drawn that Defendant took over the Ford lanes, and Plaintiff's contrary allegations based on "information and belief" must be discounted. Because there is no plausible allegation that Defendant is even mentioned in the relevant contract, Plaintiff has failed to state a claim for relief against

---

[4]    The Master Transportation Services Agreement provides that its terms are confidential. Accordingly, the actual provisions of the Master Transportation Services Agreement are redacted.

Defendant, and the Complaint should be dismissed.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court dismiss all claims against it. Defendant further requests any other relief to which it may justly be entitled.

Respectfully submitted,

*/s/ Bryan C. Dixon, Jr.*
Benjamin Saunier, OBA #30711
bsaunier@ok-counsel.com
Bryan C. Dixon, Jr., OBA #32768
bdixon@ok-counsel.com
**MCDANIEL, ACORD, PLLC**
9343 East 95th Court
Tulsa, Oklahoma 74133
Telephone: (405) 234-6902
Facsimile: (918) 382-9282

Brian J. Cathey
*\*Application for admission pending*
**WRIGHT CLOSE BARGER & GUZMAN, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
cathey@wrightclosebarger.com

***Counsel for Defendant,***
***J.B. Hunt Transport Services, Inc.***

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel record through the Court's CM/ECF system on this 1st day of October, 2025.

/s/ *Bryan C. Dixon, Jr.*
Bryan C. Dixon, Jr.