IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVENS TRUCKING CO. AND<br>WESTERN FLYER EXPRESS LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-25-1031-SLP<br>)<br>)<br>)<br>) |

**ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE**

Plaintiffs filed an Amended Complaint on October 22, 2025.[1] The Amended Complaint names a different Defendant, J.B. Hunt Transport, Inc., but asserts the same three claims for relief as the Complaint. *Compare* Doc. No. 1 with Doc. No. 11.[2] The three claims for relief are: (1) False Advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) Violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 53; and (3) Interference with Prospective Economic Advantage. Despite bringing ***only three claims for relief*** against a ***single*** Defendant, Plaintiffs' Amended Complaint is 108-pages in length and comprised of 769 paragraphs of allegations. The Amended Complaint is nearly double the size of the already verbose and lengthy Complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[1] Plaintiffs' Amended Complaint was filed as a matter of course, without requiring leave of Court. *See* Fed. R. Civ. P. 15(a)(1)(B).

[2] The record does not reflect that summons has been issued as to the newly-named Defendant.

R. Civ. P. 8(a)(2).  "This requirement is designed to force plaintiffs 'to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.'" *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)).  A complaint runs afoul of Rule 8 "through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'" *Id*., quoting *Mann*, 477 F.3d at 1148 (additional citation omitted)).  As the Tenth Circuit has explained, a pleading must be "short"  because "unnecessary prolixity in a pleading places as unjustified burden on the court and the party who must respond to it." *Carbajal v. City & Cnty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (internal quotation marks and citation omitted).

The Amended Complaint contains lengthy, highly detailed factual allegations that are not tied to specific claims for relief.  Numerous allegations in the Amended Complaint are of questionable relevance to any of the claims asserted.  The Court fails to discern how the length and detail of the allegations are necessary to satisfy Rule 8 or Rule 12(b).[3]

Accordingly, the Court directs Plaintiffs to show cause, within 14 days of the date of this Order, why the Amended Complaint should not be dismissed pursuant to Rule 41(b) for failure to comply with Rule 8(a)(2).  *Nasious v. Two Unknown B.I.C.E. Agents, at*

---

[3] Whether Plaintiffs' Lanham Act claim is subject to a heightened pleading standard is an issue currently unresolved by the Tenth Circuit. *See, e.g., Brave Law Firm, LLC v. Truck Accident Lawyers Group, Inc.*, No. CIV-17-1156-EFM-GEB, 2018 WL 3122172 at *6 (D. Kan. June 26, 2018) (acknowledging that "[t]he Tenth Circuit has not addressed whether a false advertising claim brought under the Lanham Act is subject to Rule 9(b)'s heightened pleading standard.").  But even if such a standard applies, that is not, in and of itself, a sufficient basis upon which Plaintiffs may rely to justify the prolixity of the Complaint as Rule 9(b)'s heightened pleading requirement "must be read in conjunction with the principles of Rule 8[.]" *Schwartz v. Celestial Seasonings, Inc*. 124 F.3d 1246, 1252 (10th Cir. 1997).

*Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[T]o be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

IT IS THEREFORE ORDERED that Plaintiffs shall show cause in response to this Order within 14 days or by November 6, 2025.

IT IS FURTHER ORDERED that to the extent Defendant has been served with summons and the Amended Complaint, Defendant's deadline to file an answer or other response is stayed until twenty-one days after the Court addresses Plaintiffs' show-cause response.

IT IS SO ORDERED this 23rd day of October, 2025.

                                        SCOTT L. PALK
                                        UNITED STATES DISTRICT JUDGE