IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVENS TRUCKING CO.,                          §
AND WESTERN FLYER EXPRESS LLC                   §
   *Plaintiffs,*                  §
                                               §
                                               §
v.                                             §    CIVIL ACTION NO. 5:25-CV-01031
                                               §
J.B. HUNT TRANSPORT, INC.,                      §
   *Defendant.*                   §
                                               §
                                               §
                                               §

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO AMEND**

Rule 15 mandates that "court[s] should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The rule is designed to ensure that a plaintiff's claims are decided on their merits. *See Foman*, 371 U.S. at 182. Defendant's opposition seeks to avoid that at all costs.

Defendant chastises Plaintiffs for filing a simple motion for leave to amend— "stand[ing] at just three pages … most of which are dedicated to procedural considerations." Dkt. No. 46 at 21. But that is precisely what Plaintiff's request is and what it calls for. There is no schedule yet in place for this case. And, once there is, one of if not the first deadlines in it will be for motions "to join additional parties" and/or "to amend pleadings." Plaintiffs are *ahead* of schedule. Defendant suffers no prejudice.

Allowing Plaintiffs to amend now only aids in the efficient resolution of this matter, as it guarantees that *all* of Plaintiff's claims can be addressed together. If, for example,

1

Defendant continues to insist that any and all of Plaintiffs' claims must be sent to arbitration (which its opposition suggests it will), better to have the Court grant or deny that relief once as to all of Plaintiffs' claims, as opposed to piecemeal: once for the claims currently pending, and again in a subsequent case for the claims in the proposed amendment.

The remainder of Defendant's arguments against amendment go strictly to the factual sufficiency of Plaintiff's proposed claims—*i.e.*, issues that belong in a 12(b)(6) or (more appropriately) a motion for summary judgment. They are not a basis to deny Plaintiffs the ability plead their claims in the first instance.

## ARGUMENT

I.  **This Court Should Grant Leave Because Rule 15(a) Requires Leave to be Freely Given When Justice Requires.**

This Court should allow Plaintiffs the opportunity to present their claims for decision on the merits. Again, Federal Rule 15(a) requires courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (marks and citations omitted). This is a low burden and one that Plaintiffs clearly meet.

Conversely, Defendant's burden to justify denial of leave is a high one. "Refusing leave to amend is generally *only* justified upon showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resol. Tr. Corp.*,

984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182) (emphasis added). While Defendant attempts to manufacture these grounds, it fails to do so.

Defendant claims that Plaintiffs' request for leave to amend is unsupported by any credible, adequate explanation. Dkt. No. 46 at 3. But Plaintiffs have provided the reasons for amendment: Plaintiffs obtained additional counsel and uncovered additional information related to Plaintiffs' claims and the scope of Defendant(s)'s alleged conduct. Dkt. No. 40 at 2, ¶ 4. This was not done in bad faith or with an improper motive. To the contrary; it is the natural consequence of fresh eyes looking at fresh data. It is precisely the sort of circumstance Rule 15 contemplates and why this Court's form scheduling order permits amendment and addition of parties at these initial stages of a case.

Defendant claims that Plaintiffs have no adequate explanation for the delay in this amendment, citing to cases where courts have denied leave because the moving party was aware of the facts on which the amendment was based long before filing the motion to amend. Dkt. No. 46 at 3-4. But that is obviously not the case here. First, there is no real delay here—certainly not the sort of delay discussed in the cases Defendant cites. Again, Plaintiff's request comes while this case is in its infancy, *before* a schedule has been entered let alone the deadline for amendments lapsed. Second, as explained in Plaintiffs' motion, Plaintiffs were not aware of the facts on which the proposed amendment is based until recently, when they obtained additional counsel and uncovered more information. This is not a situation where a party seeks leave to amend on the eve of trial or in response to a dispositive motion after all discovery has been completed. Formal discovery has not even begun. It would not do justice to prevent Plaintiffs from fully presenting their claims simply

because they only recently discovered the information necessary to properly present them—information that Plaintiffs have diligently sought to obtain *without* the benefit of discovery from Defendant.

The cases Defendant cites to support its undue-delay argument are nowhere close to the circumstances here. Defendant's leading case—*Minter v. Prime Equipment Co.*—**supports** Plaintiffs' proposed amendment. *See* 451 F.3d 1196, 1204–1211 (10th Cir. 2006). In *Minter,* the 10th Circuit **reversed** a trial court's refusal to allow an amendment that came "***three weeks before the scheduled start of trial***" based on information the plaintiff discovered "***after the close of discovery.***" *Id.* at 1206–07. The 10th Circuit also emphasized that, in the "undue delay" analysis, the "[e]mphasis is on the adjective: Lateness does not of itself justify the denial of the amendment." *Id.* at 1205 (cleaned up). And, as such, there is a direct relationship between the length of delay and whether it will qualify as undue: "The longer the delay, the more likely the motion to amend will be denied." *Id.* (cleaned up). The inverse, then, must also be true: the earlier the amendment, the less objectionable. Plaintiffs' proposed amendment comes before the imposition of a schedule (let alone the passage of a court-imposed deadline) and before discovery has even opened. If an amendment three weeks before trial can be allowed, then surely one at this procedural juncture passes muster.

The remainder of Defendant's cases likewise involve delays that far exceed any time lapse here or involve obvious attempts to revive a case from an unfavorable ruling—a motivation that does not exist here. In *Warnick v. Cooley*, the plaintiff requested leave nearly "three years after filing his first amended complaint." 895 F.3d 746, 755 (10th Cir.

2018),  In *Fed. Ins. Co. v. Gates Learjet Corp.*, the defendant sought to add a limitations defense "four years after the complaint was served." 823 F.2d 383, 387 (10th Cir. 1987). In *McKnight v. Kimberly Clark Corp.*, the plaintiff sought to amend his complaint "five months after the discovery cutoff" and "a full year after the date of the initial pleading," merely to add information that he was aware of "prior to filing the original complaint." 149 F.3d 1125, 1130 (10th Cir. 1998); *see also id.* (noting that plaintiff's amendment would require "[m]any key individuals … to be deposed again"), In *Pallottino v. City of Rio Rancho*, the plaintiff sought to amend "eight months after the original complaint and over five months after a previous amended complaint," and did so only after "his primary theory had been dismissed." 31 F.3d 1023, 1027 (10th Cir. 1994); *see also id.* (noting that the amendment was "<u>not</u> based on new evidence unavailable at the time of the original filing"). Similarly, in *Viernow v. Euripides Development Corp.*, the plaintiff sought to amend "some nineteen months after filing his original complaint, and such leave was only sought after the trial judge orally granted the defendants' summary judgment motion." 157 F.3d 785, 799–800 (10th Cir. 1998).

Here, by contrast, Plaintiffs have filed a proper motion, have not excessively delayed in doing so, and have <u>not</u> done so because their other claims were dismissed. Defendant's suggestion that "all that remains is for the Court to dismiss or transfer" (Dkt. No. 46 at 5) is just wrong and incredibly presumptuous.

Further, Plaintiffs are not seeking to amend as some sort of ploy to avoid a ruling on the arbitration issues *a la* the plaintiff in *State Distributors, Inc. v. Glenmore Distilleries Co.*, who sought to amend purely to defeat diversity jurisdiction. *See* 738 F.2d 405, 416–

17 (10th Cir. 1984); Dkt. No. 46 at 5–6. As discussed in part III below, Plaintiffs fully expect Defendant to continue pressing its arbitration argument (and for the Court to rule on it) even after the proposed amendment. Indeed, as Plaintiff explains below, amendment only makes that dispute more efficient, as it allows the Court and the parties to resolve arbitrability with respect to all asserted claims, rather than in a piecemeal fashion. Likewise, the addition of the new defendants clearly satisfies the joinder rules in Rule 20, and Defendant does not (and cannot) argue otherwise. As such, Plaintiffs' amendment seeks to add claims and parties that are logically related to the subject matter contained in the prior pleadings and expressly permitted under the Rules. Meanwhile, the amendment does not bar the current Defendant from reasserting the same arguments it submitted before. The facts of this case, again, show something far different from the "improper motive" Defendant seeks to portray.

Finally, Defendant fails to articulate what prejudice it suffers as a result of the requested amendment, despite admitting that undue prejudice is the "most important" factor in attempting to combat amendment. *See* Dkt. No. 46 at 6 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006)). The reason is: there is no prejudice, particularly given that an amendment like the one proposed here would likely be expressly permitted under any forthcoming scheduling order.

Again, Plaintiffs' amendment comes before any future pleading deadline. Discovery has not yet begun. Defendant suffers no prejudice. Plaintiffs simply seek to present newly discovered claims and to do so in a timely and efficient manner along with the other claims

arising from the alleged conduct. Allowing this amendment clearly serves the ends of justice. Thus, this Court should grant leave to amend under Rule 15(a).

**II.    Amendment is Not Futile; Defendant's Futility Argument is Misplaced.**

In arguing that Plaintiffs should not be allowed to amend because their claims are "meritless," Defendant confuses Plaintiffs' pleading burden with its own opinion about the merits of Plaintiffs' claims. "The party asserting that the proposed claim is futile has the burden of establishing the futility of the proposed amendment." *Boykin v. CFS Enter., Inc.*, No. CIVA082249CMGLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008). Defendant has failed to meet this burden.

Futility is generally assessed by determining whether the proposed amendment would be subject to dismissal. *Full Life Hospice, LLC v. Sebelius*, 709 F.3dd 1012, 1018 (10th Cir. 2013). However, Plaintiffs are not required to prove the merits of their case at the pleading stage—let alone in a request to amend. *See Chapman v. Hedderman*, No. CIV-20-825-D, 2021 WL 2149322, *2 (W.D. Okla. May 26, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). They must only allege facts "sufficient to 'nudge[] [their] claims across the line from conceivable to plausible.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Plaintiff's thorough, well-researched and -documented complaint plainly satisfies that standard. Defendant's subjective belief that Plaintiffs' claims are meritless does not render Plaintiffs' amendment futile.

This is not a case (like those Defendant cites) where a defendant has invoked some legal bar that makes the plaintiff's claims destined for failure under *any* set of facts. *See, e.g.,* Dkt. No. 46 at 7 (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (finding futility in light of statute-of-limitations time bar); Jefferson Cnty. Sch. Dist. Co. R-1 v. Moody's Inv.'s Servs., Inc., 175 F.3d 848, 860 (10th Cir. 1999) (finding First Amendment barred plaintiff's antitrust theories)). Rather, Defendant's futility arguments go to the merits of Plaintiff's claims and the factual sufficiency of the allegations. That is clearly something better addressed through a 12(b)(6) motion or (more appropriately here) a motion for summary judgment.

Courts in this circuit hold that a court may "decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols.*, LLC v. FTC, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294 at *3 (Dist. Utah July 21, 2020) (citing *Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011-JNP, 2018 U.S. Dist. LEXIS 162268, *7-8 (D. Utah Sept. 21, 2018)). That is precisely what the Court should do here, if for no other reason than to provide Plaintiffs an adequate opportunity to respond to Defendant's 12(b)(6) arguments rather than having to shoehorn the response into a 10-page reply, as Defendant tries to make Plaintiffs do here. *See* Dkt. No. 46 at 21–22; *see also Complete Merch. Sols*, 2020 WL 4192294 at *3 ("Particularly where futility arguments are duplicative of arguments raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the

defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.").

### III.    Allowing Amendment Promotes Efficiency.

Plaintiffs should be allowed to add the proposed claims so that this Court may decide the arbitration issues and dismissal arguments in one fell swoop. If Defendant is going to continue to argue that any of Plaintiffs' claims—including Plaintiffs' RICO claims—are subject to arbitration or any of the other terms of the purported agreement (as Defendant's response here indicates it will), then the Court should have to decide those issues only once and in consideration of *all* presently identified claims. Otherwise, if amendment is denied, this Court (or another) is going to have to consider those issues a second time in a subsequent action.

Accordingly, Defendant's argument that the claims in Plaintiffs' proposed amendment should be decided in arbitration directly undercuts its argument that this Court should deny Plaintiffs leave to add those claims. Allowing the proposed amendment promotes efficiency and secures a more "just, speedy, and inexpensive" resolution of this action—the whole action arising from Defendant's conduct. *See* Fed. R. Civ. P. 1.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Opposed Motion for Leave to Amend and allow all of Plaintiffs' claims to be resolved on their merits.

9

All as respectfully submitted,

**NIX PATTERSON, LLP**

*/s/ Nathan Hall*
Bradley E. Beckworth, OBA No. 19982
Trey Duck, OBA No. 33347
Drew Pate, OBA No. 34600
Nathan B. Hall, OBA No. 32790
8701 Bee Cave Road
Seven Oaks East, Suite 500
Telephone: (512) 328-5333
bbeckwort@nixlaw.com
tduck@nixlaw.com
dpate@nixlaw.com
nhall@nixlaw.com

**WREN COOK**

James Wren (*admitted PHV*)
Texas State Bar No: 22018200
Louie J. Cook (*admitted PHV*)
Texas State Bar No:  24101191
Elizabeth Fraley (*p.h.v. pending*)
Texas State Bar No. 13180500
14205 N Mo Pac Expy Ste. 570
Austin, Texas 78728
Telephone: (737) 292-4926
Jim@wrencookattorneys.com
Louie@wrencookattorneys.com
Liz@wrencookattorneys.com

**DURHAM PITTARD SPALDING, LLP**

Justin R. Kaufman (*p.h.v. pending*)
New Mexico State Bar No. 21999
Molly H. Samsell (*p.h.v. pending*)
New Mexico State Bar No. 153816
125 Lincoln Avenue, Suite 402
Santa Fe, New Mexico 87501
Telephone: (888) 998-6688
jkaufman@dpslawgroup.com
msamsell@dpslawgroup.com

10

**PIERCE COUCH HENDRICKSON BAYSINGER AND GREEN LLP**

Gerald P. Green, OBA No. 3563
John C. Lennon, OBA No. 30149
Hailey M. Hopper, OBA No. 31093
Post Office Box 26350
Oklahoma City, OK 73126
Telephone: (405) 235-1611
jgreen@piercecouch.com
jlennon@piercecouch.com
hhopper@piercecouch.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I filed the attached document with the Clerk of Court and served the attached document using the Court's Electronic Case Filing System on those counsel of record who are registered participants of the system.

*/s/ Nathan Hall*
Nathan Hall

11